UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOWE'S HOME CENTERS, INC.,

    Plaintiff,                                      Hon. Ellen S. Carmody

v.                                                    Case No. 5:02-CV-61

LL&127, LLC, AND EASTWOOD, LLC,

    Defendants.
_____/

## ORDER

This matter is before the Court on <u>Eastwood, LLC's Motion to Vacate Judgment</u>. (Dkt. #187). For the reasons discussed herein, Defendant's motion is **denied**.

On November 24, 2003, a jury determined that Defendants breached its contract with Plaintiff and awarded Plaintiff $3,300,000 in damages. (Dkt. #134). Plaintiff moved the Court for specific performance of the contract, a request which the Court denied on April 15, 2004. (Dkt. #150). The same day, the Court entered a judgment in favor of Plaintiff, thus terminating this matter. (Dkt. #151). Defendants timely filed a motion to alter judgment which was denied on May 21, 2004. (Dkt. #158). On June 18, 2004, Defendants appealed this matter to the Sixth Circuit Court of Appeals. (Dkt. #169). This appeal is still pending. On May 20, 2005, Defendant Eastwood, LLC moved this Court to vacate the judgment which is the subject of the pending appeal before the Sixth Circuit Court of Appeals.

As the United States Supreme Court has recognized:

[I]t [is] generally understood that a federal district court and a federal

> court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

As courts and commentators have recognized, "[s]o complete is the transfer of jurisdiction that any orders of the district court touching upon the substance of the matter on appeal are considered null and void if entered subsequent to the timely filing of the notice of appeal." *Knutson v. AG Processing, Inc.*, 302 F.Supp.2d 1023, 1030 (N.D. Iowa 2004) (quoting Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3949.1).

The Sixth Circuit Court of Appeals has held that as "a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *see also*, *Linder v. Sundquist*, 2003 WL 21054676 at *1 (6th Cir., May 6, 2003) (same). The Sixth Circuit has recognized exceptions to this general rule in the following circumstances: (1) the appeal was untimely filed, (2) the motion before the district court presents issues that the appellate court had previously decided in the same case, or (3) the appeal to the circuit court is from a non-final, non-appealable order. *Pittock*, 8 F.3d at 327. None of these exceptions is presently applicable. Thus, this Court may not exercise jurisdiction over Defendant's motion to vacate judgment. Accordingly, Defendant's motion is **denied**.

IT IS SO ORDERED.

Date: May 24, 2005    /s/ Ellen S. Carmody
                                                ELLEN S. CARMODY
                                                United States Magistrate Judge