UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOWE'S HOME CENTERS, INC,

    Plaintiff,                                       Hon. Ellen S. Carmody

v.                                                   Case No. 5:02-CV-61

LL&127, LLC, and EASTWOOD, LLC,

    Defendants.
_____/

## ORDER

This matter is before the Court on Defendants' <u>Request for the Court to Consider Merits of Motion to Vacate Judgment</u>.  (Dkt. #196).  As articulated herein, Defendants' motion to consider the merits is **granted** and Defendants' motion to vacate judgment is **denied**.

## BACKGROUND

On November 24, 2003, a jury determined that Defendants breached its contract with Plaintiff and awarded Plaintiff $3,300,000 in damages.  (Dkt. #134).  Plaintiff moved the Court for specific performance of the contract, a request which the Court denied on April 15, 2004.  (Dkt. #150).  The same day, the Court entered a judgment in favor of Plaintiff, thus terminating this matter.  (Dkt. #151).  Defendants timely filed a motion to alter judgment which was denied on May 21, 2004.  (Dkt. #158).  On June 18, 2004, Defendants appealed this decision to the Sixth Circuit Court of Appeals.  (Dkt. #169).

On May 20, 2005, Defendants moved the Court to vacate the judgment which was the subject of the appeal before the Sixth Circuit Court of Appeals. (Dkt. #187). The Court denied Defendants' motion on the ground that jurisdiction then rested with the Sixth Circuit Court of Appeals. (Dkt. #191). On August 11, 2005, the Sixth Circuit affirmed the decision of this Court denying Defendants' motion to alter judgment. *Lowe's Home Centers, Inc. v. LL & 127, LLC*, 2005 WL 1943231 (6th Cir., Aug. 11, 2005). Defendants now request that the Court reconsider its previous ruling denying their motion to vacate judgment. As discussed below, the Court grants Defendants' motion to reconsider, but finds that Defendants' motion to vacate is without merit.

## ANALYSIS

Asserting that one of Plaintiff's representatives testified falsely concerning certain facts regarding Plaintiff's negotiations with AIG Baker, Defendants move for relief under Federal Rule of Civil Procedure 60(b)(3) and 60(b)(6). Rule 60(b) provides, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons. . .(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. . .or (6) any other reason justifying relief from the operation of the judgment.

To obtain relief under Rule 60(b)(3) Defendants must establish, by clear and convincing evidence, that: (1) a material witness testified falsely, (2) absent such false testimony the jury might have reached a different conclusion, and (3) Defendants were taken by surprise by the false testimony and were unable to meet it or did not know of its falsity until after trial. *Abrahamsen v. Trans-State Express,*

*Inc.*, 92 F.3d 425, 429 (6th Cir. 1996); *McManus v. St. Joseph Hospital Corp.*, 79 Fed.Appx. 170, 172 (6th Cir., Oct. 24, 2003).

Relief under Rule 60(b)(6) is available "only to achieve substantial justice in exceptional or extraordinary circumstances." *Waste Conversion, Inc. v. Kelley*, 1994 WL 119431 at *3 (6th Cir., April 6, 1994). Defendants must further demonstrate that "absent relief, extreme and undue hardship will result." It must be recognized, however, that "the remedy provided by Rule 60(b)(6) is exclusive of the relief provided in subsections (1) through (5) of Rule 60(b); therefore, a proper motion under Rule 60(b)(6) should not fall into the circumstances enumerated in subsections (1) through (5). *Id.*

Defendants' motion to vacate is premised upon the claim that Mr. Laufenberg testified falsely concerning Lowe's negotiations with AIG Baker. Specifically, Defendants assert that Laufenberg testified falsely that "not only was there no deal for $800,000 with AIG Baker, despite a letter of intent reflecting otherwise, but that the Real Estate Committee never approved the economic terms." Defendants claim that Laufenberg's allegedly false testimony constituted a misrepresentation of Lowe's agreement with AIG Baker, the terms of which served as a basis for Defendants' subsequent negotiations with Lowe's. Defendants assert that had Laufenberg testified truthfully they would have been able to establish that they negotiated with Lowe's in good faith, thereby defeating Lowe's claims.

At trial, Laufenberg testified that Lowe's and AIG Baker had executed a "non-binding letter of intent." (Trial Transcript, Nov. 18, 2003, 92). This testimony is supported by Laufenberg's June 16, 2000 letter to Thomas Hickman. (Dkt. #188, Exhibit 1). Laufenberg acknowledged that the terms of his negotiations with AIG Baker (as reflected in the June 16, 2000 letter of intent) were subsequently considered by Lowe's Real Estate Committee, during a meeting which he did not attend.

(Trial Transcript, Nov. 18, 2003, 43-44).  Laufenberg also testified that following this meeting he was instructed to "look for an alternative site" at which to locate a Lowe's store.  *Id.* at 44.

Defendants assert that documents recently discovered in another matter reveal that Laufenberg testified untruthfully.  The documents on which Defendants rely reveal that the Real Estate Committee approved the terms of agreement between Lowe's and AIG Baker.  (Dkt. #201).  However, contrary to Defendants' assertion these documents do not demonstrate that Laufenberg testified untruthfully.

Defendants assert that Laufenberg falsely testified that the Real Estate Committee "had not approved the economic terms" of any agreement with AIG Baker.  While such alleged testimony would appear to contradict the substance of the documents on which Defendants' motion to vacate is premised, Defendants have failed to identify any testimony by Laufenberg stating (or even suggesting) such.  As Plaintiff correctly observes, Laufenberg was never asked whether the Real Estate Committee approved the terms of the agreement between Lowe's and AIG Baker.

Defendants' argument appears to be premised on the belief that Laufenberg's testimony that following the Real Estate Committee's meeting he was instructed to "look for an alternative site" is inconsistent with the fact that the Committee approved the terms of the agreement between Lowe's and AIG Baker and is, therefore, untruthful.  This argument is unpersuasive.  Defendants appear to mistakenly assume that the Real Estate Committee's approval of the terms of the *non-binding* letter of intent constituted an *enforceable agreement* between Lowe's and AIG Baker.  Such is simply not the case.  Moreover, there is nothing unusual or inconsistent with the Real Estate Committee both (a) approving the terms of the non-binding letter of intent and (b) instructing Laufenberg to begin looking for alternative locations for Lowe's to build a store.

In sum, because Defendants have failed to establish that Laufenberg testified untruthfully in this matter they cannot establish that Plaintiff's committed fraud or misrepresentation in this matter. Thus, Defendants are not entitled to relief under Rule 60(b)(3). However, even had Laufenberg testified as Defendants allege, they would still not be entitled to relief. As noted above, to obtain relief under this subsection Defendants must show that they were surprised by (and unable to meet) Laufenberg's testimony. Had Defendants not made the strategic decision to forgo any and all discovery in this matter they would likely have discovered the documents at issue thereby enabling them to challenge Laufenberg at trial.

Defendants are likewise not entitled to relief under Rule 60(b)(6). First, because Defendants' rationale for relief under Rule 60(b)(6) is the same as their basis for relief under Rule 60(b)(3) - fraud or misrepresentation - relief under the former provision is improper because "the remedy provided by Rule 60(b)(6) is exclusive of the relief provided in subsections (1) through (5) of Rule 60(b)." Furthermore, Defendants have not demonstrated that the present circumstance presents the requisite "exceptional or extraordinary circumstances" or that "absent relief, extreme and undue hardship will result."

In conclusion, for the reasons articulated herein, Defendants' <u>Request for the Court to Consider Merits of Motion to Vacate Judgment</u>, (dkt. #196), is **granted** and Defendants' motion to vacate judgment is **denied**.

IT IS SO ORDERED.

Date: November 17, 2005                  /s/ Ellen S. Carmody
                                                       ELLEN S. CARMODY
                                                       United States Magistrate Judge